UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY J. KEMP                      CIVIL ACTION

NO. 14-944

V.

SECTION G(3)

UNUM LIFE INSURANCE COMPANY OF AMERICA

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, AND PROVIDING FOR NOTICE**

WHEREAS, an action is pending before the Court entitled *Mary J. Kemp v. Unum Life Ins. Co. of Am.*, Case No. CA-14-944 (the "Action");

WHEREAS, the Plaintiff and the Defendant in the Action have entered into a Settlement Agreement intended to resolve, on a global basis, the portion of the Action relating to the proper calculation of the long-term disability benefit amount under the Policy;

WHEREAS, the Settlement Agreement, together with supporting materials (collectively, the "Settlement"), sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of Count II of the Action against the Defendant;

WHEREAS, the Court has before it Plaintiff's Motion for Preliminary Approval of Settlement and papers in support thereof, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court has considered the terms and conditions of the proposed Settlement and determined that they were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiff and Defendant.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. §§ 1331.

3. Venue is proper in this District.

*Provisional Approval of Settlement and Conditional Certification of Settlement Class*

4. Subject to the Final Approval Hearing and further review, the Court preliminarily approves the Settlement as being fair, just, reasonable, and adequate. The terms of the parties' Settlement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

5. The Court finds, for settlement purposes only that, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of class members is so numerous that joinder of all members of the class is impracticable; (b) there are questions of law and fact common to each member of the class; (c) the claims of the class representative are typical of the claims of the class she seeks to represent; (d) the class representative will fairly and adequately represent the interests of the class; (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Accordingly, the Court conditionally certifies, for settlement purposes only, the following nationwide class pursuant to Federal Rules of Civil Procedure 23(a) and

23(b)(3) :

>All current or former Humana employees who (1) received long-term disability benefits from Unum under the Policy; (2) became disabled within the meaning of the Policy between and including May 1, 2002, and October 31, 2013; (3) received Perpetuity Payments from Humana; and (4) whose long-term disability benefit payment amount was calculated without including Perpetuity Payments as Monthly Earnings as defined in the Policy.
>
>Excluded from this Settlement Class are all individuals and entities who executed a release of claims on or before April 24, 2014, and all individuals and entities who submit timely and valid requests to be excluded from the Settlement Class pursuant to the terms of this Settlement Agreement and the Court's Preliminary Approval Order.

6. A final approval hearing (the "Hearing") shall be held on November 6, 2015, at 10:00 a.m., before the Honorable Nannette Brown, Judge of the United States Federal District Court for the Eastern District of Louisiana, located at Courtroom C205, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana 70130, for the purpose of, *inter alia*: (1) determining whether the proposed Settlement should be finally approved by the Court as fair, reasonable and adequate; (2) determining whether Class Counsel's fee application and request for Plaintiff's Service Award should be granted; and (3) ordering entry of Judgment on the Released Claims, which constitutes a release and bar of the Released Claims; and (4) determining compliance with all matters pertaining to Fed. R. Civ. P. 23(e).

7. The Court conditionally finds that Plaintiffs' Counsel satisfy the requirements of Rule 23(g) and hereby appoints the following counsel as Class Counsel pursuant to Rule 23(g)(1):

Reagan L. Toledano
James F. Willeford
Shane D. Pendley
WILLEFORD & TOLEDANO
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f)(313)692-5927

3

rtoledano@willlefordlaw.com

8.     The Court appoints and authorizes the parties to retain Rust Consulting, Inc. ("Settlement Administrator"), as the Settlement Administrator to administer the Settlement in accordance with the Settlement Agreement and this Order.

*Attorneys' Fees & Service Awards*

9.     Class Counsel's application for award of attorneys' fees and costs and the Class Representatives' application for service payments shall be heard at the time of the Final Approval Hearing. Any application for an award of attorneys' fees and costs and any application for service payments shall be filed with the Court no later than twenty-one (21) days prior to the Final Approval Hearing.

*Class Notice, Exclusion, and Opt Out*

10.     The Court hereby approves, as to form and content, the proposed Notice to the Settlement Class (the "Notice") (Exhibit "C"). The Court finds that the mailing and distribution of the Notice substantially in the manner set forth in paragraph 11 of this Order meets the requirements of the Federal Rules of Civil Procedure and due process and is the best notice practicable under the circumstances. The Court also finds that this shall constitute due and sufficient notice to all persons entitled thereto.

11.     Plaintiffs' counsel, Unum's counsel, and the Settlement Administrator shall supervise and administer the Notice procedure to the Settlement Class as set forth below:

    A.     A list of class members shall be prepared as follows:

        (i).     Unum shall derive from its electronic databases a list of names and addresses of Settlement Class Members as defined in the Settlement Agreement.

    (ii). Using modern technology, prior to sending out any notices, the Settlement Administrator shall update said addresses in a commercially reasonable manner to obtain the latest whereabouts of each member in the Settlement Class.

B. Notice shall be disseminated in accordance with the provisions of the Settlement Agreement. Within 21 days of the date of this ORDER, the Settlement Administrator shall mail, or cause to be mailed, by first class mail, postage pre-paid, to each member of the Settlement Class, at his or her last known address, a copy of the Notice.

C. If any copies of the Notice are returned as undeliverable with no forwarding address, the Settlement Administrator will conduct an additional search through LEXIS-NEXIS, a commercial credit reporting agency, or some other similar means for further updated addresses, and send additional notices to any updated addresses identified through this additional search. The Settlement Administrator will have no further obligation with respect to notices beyond this search, and any related mailing done pursuant to that search. The Settlement Administrator may, as it deems necessary, access and use the consumer report (including any consumer report information encompassed by the search discussed above) of any Settlement Class Member who cannot be located using the information provided by Unum for the sole purpose of locating that individual, and providing the best possible notice available.

D. At or prior to the Hearing provided for in paragraph 7 of this Order, a proof

of affidavit shall be served and filed with the Court describing how notice was disseminated.

12. Settlement Class Members may request exclusion from the Settlement Class by writing a letter or postcard to the Settlement Administrator at the address specified in the Notice. In order to be valid, a written request for exclusion must be received by the Settlement Administrator by the date specified in the Notice, which shall be sixty days after the initial mailing of the Notice, and must contain: the name of the case; and the Class Member's name, address and telephone number. The Settlement Class Member must also expressly request exclusion from the Settlement Class and personally sign the letter or postcard. If the Settlement Class Member submits a valid and timely request for exclusion, such person will not be entitled to share in the proceeds of this Settlement and will not be bound by the Settlement or the Judgment. Any member of the Settlement Class who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement.

13. Members of the Settlement Class may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Notice Administrator.

14. Any class member who does not elect to be excluded from the Settlement may, but need not, submit comments or objections to the proposed Settlement and/or to Class Counsel's application for fees and expenses by serving a written objection. To be considered any such written objection shall include the person's name, address, telephone number, personal signature, and the reasons for objection to the settlement, and must concurrently be served on all of the following:

| **Class Counsel** | **Defendant Counsel** |
|---|---|
| Reagan Toledano | Gavin G. McCarthy |
| James Willeford | Byrne J. Decker |
| Shane Pendley | Mark Rosen |
| Willeford & Toledano | Pierce Atwood LLP |
| 201 St. Charles Avenue, Suite 4208 | Merrill's Wharf |
| | 254 Commercial Street |
| New Orleans, LA 70170 | Portland, ME 04101 |

15. Class counsel shall file any objections into the record.

16. Any member of the Settlement Class who has not requested exclusion may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved, and to present any opposition to the application of plaintiffs' counsel for attorneys' fees costs and expenses. In order to do so, the Settlement Class Member must file a notice of intention to appear and file his or her objection and copies of any papers in support of his or her position with the Clerk of the Court by the date specified in the Notice, which shall be sixty days from the date that the Notice was mailed, and concurrently served on counsel to the parties to this Settlement at the addresses specified in Paragraph 14, above.

17. In the event that any objection to the Settlement or Class Counsel's request for attorneys' fees, expenses, and/or Plaintiff's service award is filed, any opposition thereto shall be filed no later than 14 days in advance of the Hearing.

*Final Judgment & Release*

18. Upon entry of Judgment by the Court in accordance with this Settlement, all Releasing Class Members shall be barred from asserting any Released Claims against the Released Persons and any such Releasing Class Member shall be conclusively deemed to have released any and all such Released Claims against the Released Persons.

*Other Provisions*

19. All reasonable costs incurred in notifying class members or regulators, as well as administering the Settlement, shall be paid as set forth in the Agreement. All unclaimed amounts provided for under this Settlement shall be paid in accordance with the provisions of the Agreement.

20. The Court reserves the right to continue the date of the Hearing and any adjournment thereof without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

21. Pending final determination as to whether the settlement contained in the Agreement should be approved, plaintiffs and all members of the Settlement Class, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any claims against the Released Persons which have been asserted in the Action based upon the acts and transactions alleged in the Complaint including the Released Claims.

22. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    (a) The Settlement Class will be deemed decertified pursuant to Fed. R. Civ. P. 23(c)(1)(C).

    (b) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    (c) All of the Parties' respective pre-Settlement claims and defenses will be preserved;

    (d)  Nothing contained in this Order is, or may be construed as, any admission or concession by or against Unum or Plaintiffs on any point of fact or law; and

    (e)  Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

23. All proceedings related to Count II of the Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any action or proceeding in any court asserting any of the Released Claims.

24. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

25. All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

26. Certification of the Settlement Class is a conditional certification for settlement purposes only. If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Class shall be void and the Defendant, pursuant to the terms of the Settlement Agreement, shall have reserved all of

its rights to oppose any and all class certification motions in this Action, or in any other class action under Fed. R. Civ. P. 23 or any other applicable rule, statute, law or provision, on any grounds. Additionally, Plaintiffs reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement, should the Settlement Agreement not be consummated.

New Orleans, Louisiana, this __6th__ day of __July__ 2015.

*Nannette Jolivette Brown*
UNITED STATES DISTRICT JUDGE